VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF HAMPTON, PART IV

TONIA WHEELER

    PLAINTIFF,

v.                                               Case No.: CL14-1188

7-ELEVEN, INC.,
7-ELEVEN STORES, INC.,
7-ELEVEN,

JAY GANESH SE CORP.,

STEVEN POLLAK,

THORA BROUT,

JANE DOE #1

and

JANE DOE #2.

    DEFENDANT.

## ANSWER AND DEMURRER

COMES NOW the defendants, 7-Eleven, Inc., 7-Eleven Stores, Inc. and 7-Eleven (hereafter collectively referred to as "7-Eleven"), by counsel, and in response to plaintiff's Complaint filed herein states as follows:

1.     That with regard to Paragraph One (1) of plaintiff's Complaint, 7-Eleven admits that 7-Eleven, Inc. was the occupant and operator of the 7-Eleven store located at 8531 Orcutt Avenue in Hampton Virginia (hereafter "the subject store") on June 15, 2012. 7-Eleven admits that Jay Ganesh SE Corp. is presently the franchisee of the subject 7-Eleven store; although it is denied that it owned, operated, managed or was the franchisee of the subject 7-Eleven store on

EXHIBIT 2

June 15, 2012. 7-Eleven denies that "7-Eleven Stores, Inc." or "7-Eleven" occupied or operated the subject store at any time. 7-Eleven admits that Steven Pollak and Thora Brout own the real property where the store is located but denies they occupied the property or operated the subject store. This defendant denies that Jane Doe #1 was the manager of the subject store or that Jane Doe #2 was an employee of the subject store.

2. That with regard to Paragraph Two (2) of plaintiff's Complaint, 7-Eleven admits that the plaintiff was in the subject store on June 15, 2012, but lacks sufficient information to either admit or deny the remaining allegations contained therein and they are therefore denied and strict proof is demanded.

3. That with regard to Paragraph Three (3) of plaintiff's Complaint, 7-Eleven lacks sufficient information to either admit or deny the allegations contained therein, and they are therefore denied and strict proof is demanded.

4. That Paragraph Four (4) of plaintiff's Complaint is a statement of law not requiring a response at this time.

5. That with regard to Paragraph Five (5) of plaintiff's Complaint, 7-Eleven denies the allegations contained therein concerning the presence of a dangerous, unsafe or unusual condition. 7-Eleven further denies that it had notice of any type of any alleged defective condition and that Plaintiff slipped and fell due to any such condition.

6. That with regard to Paragraph Six (6) of plaintiff's Complaint, 7-Eleven denies the allegations contained therein and strict proof is demanded.

7. That with regard to Paragraph Seven (7) of plaintiff's Complaint, 7-Eleven denies the allegations contained therein and strict proof is demanded.

8. That with regard to Paragraph Eight (8) of plaintiff's Complaint, 7-Eleven denies the allegations contained therein and strict proof is demanded.

9. That with regard to Paragraph Nine (9) of plaintiff's Complaint, 7-Eleven denies the allegations contained therein and strict proof is demanded.

10. That 7-Eleven denies that it is indebted to the plaintiff in the amount of TWO HUNDRED THOUSAND AND 00/100 Dollars ($200,000.00) or in any amount.

11. 7-Eleven will rely on the defenses of contributory negligence, assumption of the risk and/or open and obvious condition, to the extent those defenses are supported by the evidence as obtained through discovery, investigation of otherwise.

12. That 7-Eleven reserves their rights to assert additional defenses to this cause, affirmative or otherwise, if it is later determined that such defense is available to it.

13. To the extent that any allegation is not specifically admitted, it is denied.

WHEREFORE, the defendants, 7-Eleven, Inc., and "7-Eleven Stores, Inc." and "7-Eleven" pray that this court dismiss the Complaint filed by the plaintiff, and enter judgment in favor of the defendants, allowing it attorney's fees and costs in this behalf expended.

## DEMURRER

COME NOW, your defendants 7-Eleven, Inc., 7-Eleven Stores, Inc. and 7-Eleven (hereafter collectively referred to as "7-Eleven"), by counsel, and pursuant to Rule 3:8 of the Rules of the Supreme Court and Section 8.01-273 of the Code of Virginia, file their Demurrer and in support thereof states as follows:

1. This matter arises from a purported slip and fall accident at a 7-Eleven Store located at 8531 Orcutt Ave. in the City of Hampton, Virginia.

2. Plaintiff has alleged liability on behalf of 7-Eleven, Inc. as the occupant and operator of the 7-Eleven store located at 8531 Orcutt Avenue in Hampton Virginia (hereafter "the subject store"). Plaintiff has further alleged that "7-Eleven Stores, Inc." or "7-Eleven" also occupied or operated the subject store at any time; that Jay Ganesh SE Corp. is presently the franchisee of the subject 7-Eleven store; that Pollak and Brout own the real property where the store is located; and that Jane Doe #1 was the manager of the subject store and that Jane Doe #2 was an employee of the subject store. Plaintiff then states that all defendants will be referred to collectively as "7-Eleven." See Plaintff's Compl., Para.1

3. Plaintiff has not alleged in her Complaint any acts on the part of 7-Eleven that would give rise to liability and has failed to state a claim against them for which relief can be granted.

4. Plaintiff has alleged while at the store at the Slurpee machine getting a drink, "Ms. Wheeler heard something fall." "When she reflexively turned in response to the noise, Ms. Wheeler instantly slipped and fell by reason of soda that had spilled on the floor as a result of the excess tray not being properly secured and allowing it to overfill and falling from the nearby soda machine." See Plaintff's Compl., Para.3.

5. Plaintiff further alleges "The unsecured, overfilled tray and the liquid on the floor constituted a dangerous, unsafe and unusual condition on 7-Eleven's property, and 7-Eleven was aware and had notice, both actual and constructive, of the dangerous, unsafe and unusual condition, and Plaintiff slipped and fell as the result of the dangerous, unsafe and unusual condition." See Plaintff's Compl., Para.5.

6. Plaintiff's Complaint contains no allegations of any affirmative act on the part of these defendants that would create liability on their part.

7. Plaintiff's Complaint fails to allege any facts demonstrating any notice of the actual defective condition alleged, "the liquid on the ground" to support any finding of liability on the part of these defendants. Indeed, plaintiff claims to have slipped instantly slipped and fallen when the tray fell to ground, which would not allow a reasonable time for store employees to discovery, correct or warn on the defective condition on the ground.

8. Further, "7-Eleven Stores, Inc." and "7-Eleven" are improperly named in this matter, as neither occupied or operated the store on the date of the subject accident.

WHEREFORE, your defendants Jane Doe #1 and Jane Doe #2, by counsel, respectfully pray that this court dismiss the Complaint filed by the Plaintiff and enter judgment in favor of these defendants allowing their attorney's fees and costs in this behalf expended, and any other relief this Court deems appropriate.

7-ELEVEN, INC.<br>
7-ELEVEN STORES, INC.,<br>
7-ELEVEN,<br>
<br>
By: _____<br>
Counsel

David L. Dayton, Esq. (VSB No. 31177)
Randall C. Lenhart, Jr., Esq. (VSB No. 71207)
Helen Jhun, Esq. (VSB # 73070)
KALBAUGH, PFUND & MESSERSMITH, P.C.
555 East Main Street, Suite 1200
Norfolk, Virginia 23510
(757) 623-4500
(757) 623-5700 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed first class postage prepaid, this 2nd day of July, 2014, to:

Jeffrey F. Riddle, Esq.
Cowardin, Kim, Smith, Anderson & Riddle
720 J. Clyde Morris Boulevard
Newport News, VA 23601
*Counsel for Plaintiff.*

David L. Dayton